**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC., | ) | |
| | ) | Case No.: 1:11-cv-08343 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Amy J. St. Eve |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**<u>INITIAL STATUS REPORT</u>**

Pursuant to this Court's March 22, 2012 Docket Entry (ECF No. 7), Plaintiff's counsel respectfully submits this Joint Initial Status Report, which Plaintiff's counsel prepared because Defendant's counsel has not yet filed an appearance.

1. **<u>Nature of the Case</u>.**

    a. <u>Attorneys of Record.</u> Plaintiff's attorney of record is Paul Duffy.  No other attorneys have made an appearance in the case.

    b. <u>Basis of Federal Jurisdiction.</u> This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. §§ 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

    c. <u>Plaintiff's Claims.</u>  Plaintiff Hard Drive Productions, Inc. alleges that Defendant violated its exclusive rights in the copyrighted creative works at the heart of this action via computer-based peer-to-peer file transfer networks. Specifically, Plaintiff alleges that Defendant used the BitTorrent file transfer protocol to reproduce and distribute the copyrighted creative

works from and to thousands of third parties. There are presently no counterclaims.

    d. <u>Relief Sought by Plaintiff.</u> Judgment against Defendant that he or she has willfully violated Plaintiff's federally-registered copyright; actual or statutory damages; order of impoundment, impounding all infringing copies of Plaintiff's copyrighted works that are in Defendant's possession or control; attorney fees, litigation expenses and costs of litigation; declaratory, injunctive and other equitable relief as may be just and warranted.

    e. <u>Service.</u> Plaintiff has attempted to investigate and ascertain the identity of the Doe Defendant without seeking leave from the Court for leave to take early discovery, by contacting the owner of the Internet Protocol address owner identified in the Complaint, from whose Internet Protocol address Plaintiff observed infringing activity occurring. Plaintiff has not been able to obtain such information from the Internet Protocol address owner. Plaintiff will promptly serve the Doe Defendant upon confirming his or her identity.

2. **<u>Pending Motions and Case Plan.</u>**

    a. <u>Pending Motions.</u> None.

    b. <u>Discovery.</u> Plaintiff engaged in limited preliminary discovery in a prior case and ascertained the account holder associated with the IP addresses identified in Plaintiff's Complaint. Plaintiff has attempted on several occasions to contact that individual to determine whether the person used

the IP address to infringe Plaintiff's copyright, or whether another individual did so. The individual has not responded with information to Plaintiff's inquiries. Plaintiff intends to file a motion with this Court seeking leave to depose the Internet Protocol account owner solely for purposes of determining the identity of the proper Defendant.

c. <u>Substantive motions.</u> None.

d. <u>Anticipated motions.</u> Plaintiff anticipates filing a motion (and supporting memorandum) seeking leave to depose the individual identified as the Internet Protocol address owner in Plaintiff's Complaint, solely for the purpose of identifying who used that address when infringing activity occurred and in order to name the Doe Defendant.

e. <u>Trial.</u>

   i. <u>Whether a jury trial is requested.</u> Plaintiff has requested a jury trial.

   ii. <u>The probable length of trial.</u> One to three days.

   iii. <u>When the parties anticipate the case will be ready for trial.</u> Plaintiff will be unable to proceed to trial before ascertaining the identity of the Doe Defendant – a process which Plaintiff believes could take one additional one month if the Court grants its motion to take discover as to that issue. Plaintiff anticipates that it will be ready for trial approximately two months after it serves the Defendant.

3.    **Pending Motions and Case Plan.**

   a.   Whether the case has been referred to the designated Magistrate Judge for discovery.  No.

   b.   Whether any settlement discussions have occurred and the status of settlement discussions.  Settlement discussions have not yet occurred.  In cases similar to this, it is common for a subscriber (often through his or her attorney), when contacted by Plaintiff,  to explore settlement options; Plaintiff intends to participate in good faith in such settlement discussions if they occur.

   c.   Whether the parties request settlement discussions.  Plaintiff  may request settlement discussions.

   d.   Whether the parties consent unanimously to proceed before a Magistrate Judge.  Plaintiff cannot speak for the unnamed Doe Defendant on this issue, but Plaintiff consents to proceeding before a Magistrate Judge

Respectfully submitted,

Hard Drive Productions, Inc.

DATED: April 2, 2012

By:   /s/ Paul Duffy
      Paul Duffy (Bar No. 6210496)
      Prenda Law Inc.
      161 N. Clark St., Suite 3200
      Chicago, IL 60601
      Telephone: (312) 880-9160
      Facsimile: (312) 893-5677
      E-mail: paduffy@wefightpiracy.com
      *Attorney for Plaintiff*